ELECTRONIC

**June 5, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# 09-80845-Civ-RYSKAMP/WHITE

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| United States District Court **Southern** | District **of Florida, Palm Beach** |
| Name (under which you were convicted): **Jimmy Oliver** | Docket or Case No.: **CR-80023** |
| Place of Confinement: **F.C.I Jesup, Georgia** | Prisoner No.: **75468-004** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | **Jimmy Oliver** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
**U.S District Court, Southern District of Florida, West Palm Beach**

(b) Criminal docket or case number (if you know): **CR-80023**

2. (a) Date of the judgment of conviction (if you know): **11/03/2006**

(b) Date of sentencing: **1/19/2006**

3. Length of sentence: **1560 Months**

4. Nature of crime (all counts): *Child Porn*

5. (a) What was your plea? (Check one)

   (1)  Not guilty ❏        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ❏

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   **Counts 6,9,12,15 and 19 guilty.**

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ❏    Judge only ☒**XX**

2255 / WPB
09 CV 80845
KLR        PAW

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: __Eleventh Circuit Court of Appeals__

   (b) Docket or case number (if you know): __07-10494-A__

   (c) Result: __Affirmed__

   (d) Date of result (if you know): __June 16, 2008__

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: __Whether the District Court failed to ensure that Mr. Oliver was aware of the direct consequences of his guilty plea and failed to comply with the mandates of Rule 11 when it failed to ensure that Mr. Oliver understood that he was pleading guilty to a life sentence.  Whether the life or 1560 term of imprisonment by the District Court was unreasonable especially in light of the defendant's age, history, and medical condition.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

*N/A*

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:      Yes ❑   No ❑

(2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _____ Ineffective Assistance of Counsel _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My attorney provided professionally unreasonable advice by advising me to waive my right to appeal any sentence imposed by the Court. Counsel failed altogether to explain to me that the Court had discretion regarding the guideline. Counsel should have known there was a significant danger that the AUSA would in my case NOT motion for a rule 35 or 5kl.1 given the AUSA's conduct in the case prior to the day the Court asked why there was no guilty plea offer in the case. Without first investigating whether I might possess information the AUSA would find qualified as "substantial assistance" counsel should not have advised me to waive appeal. My waiver was

(b) Direct Appeal of Ground One:   not voluntary and knowing.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

Can't raise ineffective assistance on appeal. _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☒xxx

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Ground One continued....                    Page 5.1

<u>Supporting facts</u>:

I signed the guilty plea agreement because my lawyer insisted
it was in my best interests to do so. She never explained what
the waiver of appeal meant. This was the first time I have ever
been involved in a criminal case. I had no clue what a waiver
of appeal meant. The Court never explained to me during my
guilty plea hearing the substance of the waiver of appeal.
I didn't even know the waiver of appeal was apart of the guilty
plea until after it was over with.

 I did not know that I would be unable to appeal an illegal
sentence. Had my attorney explained to me that the Court
was allowed to give me an illegal sentence, one that would
not withstand an appellate review, such as the sentence I
did receive, then I most definitely would have refused to
enter the guilty plea.

   My appeal waiver was based on my understanding that **the
waiver applied only to a sentence that was "within the guideline."**
My lawyer told me I would still be allowed to appeal any sentence
that was outside the guideline. She was ineffective for giving
me this advice. Had I understood the waiver of appeal, and
but for this deficient advice, I would not have entered the
guilty plea, but would have insisted on the 262 month guilty
plea offer instead.

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state: .

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

_____

GROUND TWO: __ Ineffective Assistance of Counsel During the __

__ Guilty Plea Hearing __

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During the actual guilty plea hearing the district court
violated numerous of my Rule 11 rights. My lawyer failed
to object and move to withdraw the guilty plea. My lawyer
failed to make sure she and the Court "ensured that I was
aware of the direct consequences of the guilty plea" and my
lawyer failed to object when the Court failed to comply with
the mandate of Rule 11 when it "failed to ensure that I understood
that I pleading guilty to a life sentence." My lawyer failed

Ground two continued.....                    Page 6.1

to ensure that I understood that I was pleading guilty to a life sentence. In other words, when I entered the guilty plea, based on the "unwritten structure" of the plea and the guilty plea procedures, I was essentially agreeing to plead guilty in exchange for a threshold maximum sentence called for under the facts, relevant conduct, and any aggravating factors involved in my case--meaning, in other words, that I was pleading guilty in exchange for a life sentence, with the caveat that I could "maybe" reduce the sentence "if" the AUSA who vehemently refused any agreement --according to my lawyer--prior to the Friday before the trial was scheduled to start, decided to file a motion on my behalf based on cooperation.

On direct appeal I argued that the Court failed to ensure me of the direct consequences, and the Court failed to follow Rule 11. I incorporate the same factual basis and prejudice argument from my direct appeal into this Ground for Relief. The difference here is that, notwithstanding the Court's failures, it is my position that it was primarily my lawyer's professional duty to ensure my Rule 11 rights and other rights were protected during the guilty plea hearing.

I **specifically** refused to enter a guilty plea in exchange for a life sentence. I **specifically** advised my lawyer's investigator I wanted to plead guilty "to avoid a life sentence." My lawyer should told me I was choosing a guilty plea that called for a threshold life sentence. I would not have entered the plea and would have chosen jury trial.

_____

_____

_____

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No **XXXXXX**

    (2) If you did not raise this issue in your direct appeal, explain why: _____

      **Can't raise ineffective assistance on appeal.** _____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑**xxxx**

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: <u>Ineffective Assistance of Counsel Based on</u>
<u>Professionally Incompetent Ineffective Advice</u>

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

<u>My lawyer affirmatively provided me wrong information that</u>
<u>was material to my decision to plead guilty. I had three</u>
<u>different plea agreements to choose from. I chose the</u>
<u>cooperation agreement (see my Declaration at "14). My lawyer</u>
<u>gave me the following wrong information; she said: "Take this</u>
<u>cooperation agreement. I know you have information that</u>
<u>the AUSA wants and needs about this case." Based on this</u>
<u>advice coupled with my personal knowledge of what information</u>
<u>I had provided to my lawyer (which is what I knew she knew</u>
<u>I possessed in terms of "information about the case") I</u>

(b)  Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Ground Three continued///                                    Page 8.1

was erroneously induced to ~~beleive~~ believe I would benefit from
choosing plea agreement number three instaed of agreement
number one or two. Plea offer number two was our benchmark
test for the reasonableness of the plea choices because it
called for a stipulated agreement to plea out in exchange
for 264 months. My lawyer failed to "accurately describe
the terms of my plea agreement and the consequences of my
accepting it." She didn't tell me, for example, that my
sentence exposure would start at the maximum available to
the Court--that being a life sentence. ~~Niether~~ Neither did my lawyer
adequately "provide me with an understanding of the law in
relation to the facts, so that I could make an informaed
and concious choice between which guilty plea to accept or
reject." She misadvised me that the facts she was aware of
qualified as "'substantial assistance' and would result in
a reduced sentence." My lawyer's **strong** recommendation of
acceptance of deal number three overwhelmed my judgment
(just like her strong recommendation she freely admitted
at sentencing overwhelmed my repeated attempts to cooperate
and plead guilty early in the case).

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____
_____
_____
_____
_____

GROUND FOUR: **Ineffective Assistance of Counsel**
**at trial and direct appeal.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to object to the sentence being in violation of
USSG note 1, § 5K1.2. The recommended guideline called for
121 - 151 months. (See PSI). When the U.S. Attorney told the
Court I refused or failed to assist authorities in the investigation
of others, the Court improperly used this as an aggravating factor
to enhance my sentence from 151 months to 1560 months. This
upward departure violates §5K1.2 and U.S. v. Booker, 125 S.Ct.
738, 757 (2005)(limiting factors Court can use for upward departure).

Page 9.1

Ground Four: continued....

My lawyer should have objected when the Court departed upward based soley on my failure to cooperate. The sentence I received is illegal. It is beyond the stautory maximum. It is the result of ineffective assistance of counsel. But for Counsel's error, the outcome of the proceeding would ahve been different. The Court cannot sentence me to an **illegal sentence**  and then claim I cannot appeal or vacate the sentence because I waived my right to appeal. I only waived my right to appeal an otherwise **legal** sentence that was issued **within the guidelines. My lawyer should have argued this at the district court and on appeal.**

See Ground Five next page.

Page 9.2

**GROUND FIVE:**    Ineffective Assistance of Counsel

at Guilty Plea Trial and Direct Appeal

Supporting Facts:

Counsel failed to advise the Defendant that his failure to assist the authorities in investigating another person (a) was **required** of Defendant if he wanted a §5K1.1 downward departure motion by the Government, and (b) the failure "may be used to justify an upward departure."Defense counsel further failed to object at the district court and appeal the claim that the upward departure was improper because the Government or the Court "must give a defendant reasonable notice of grounds that may be used to justify an upward departure." See Burns v. U.S. 501 U.S. 129, 138 (1991).

Defendant **never** advised counsel that he possessed <u>any</u> information that he was willing to provide the government to assist the authorities in the investigation of another person. The only information defendant gave counsel was information about himself. Counsel misadvised Defendant that this information, if he agreed to give it to the government, qualified him for a downward departure under §5K1.1. Counsel expressly advised Defendant he would get the §5K1.1  and his sentence would be less than 264 months.

Defendant would not have entered the guilty plea except for the above stated deficiencies of counsel.

Had counsel made the above outlined objections, the district court and appeals court would have been unable to allow the 1560 month illegal sentence to remain intact. What if the Court had just sentenced Defendant to the death penalty? Would the waiver bar appealing an illegal death sentence?

Page 9.3

**Ground Six**: __Ineffective Assistance of Appellate Counsel__

**Supporting Facts:**  Appellate counsel failed to raise the obvious and significant "plain error" objecting to the district court error in sentencing where the court improperly considered the defendant's failure to assist the authorities in the investigation of another as an aggravating factor to depart upward from the 151 month PSI recommended sentence and sentence Defendant to 1560 months. The court's error affected Defendant's substantial rights, and it clearly prejudiced the defendant by increasing his sentence by a factor of 10x. Further, there was an inadequate record in this case. Had counsel raised this error on direct appeal, the outcome would have been different. Plain errors are not subject to the limited waiver of appeal agreed to by the guilty plea in this case. Further the "court must analyze plain error against a complete record." U.S. v. Candelario, 240 F.3d1300, 1309 (11th Cir. 2001).

**Ground Seven:**        See next page.

_____
_____

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction. did you raise this issue?

        Yes ❑  No **XXX**

    (2) If you did not raise this issue in your direct appeal, explain why: _____
           **Ineffective Assistance of counsel**
_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No **XX**

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

**No** ground have been previously raised. Due to ineffective
<u>assistance of counsel at guilty plea, trial and direct</u> appeal.

_____
_____
_____
_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❏   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____
_____
_____
_____
_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Unknown** _____

(b) At arraignment and plea: **Robin Rosen-Evans, 450 Australian Ave South Suite 500, West Palm Beach, FL. 33401-5040**

(c) At trial: **(See Above Name and Address)** _____

(d) At sentencing: **(See Above)** _____

(e) On appeal: Bernardo Lopez 1 East Broward Boulevard, Suite 1100 Ft. Lauderdale, Florida 33301-1842

(f) In any post-conviction proceeding: At re-constructed sentencing hearing due to the transcript of the first hearing not transcribed.

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* __This Motion is timely__

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>> (1) the date on which the judgment of conviction became final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

ELECTRONIC

**June 5, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Therefore, movant asks that the Court grant the following relief: __To   Vacate,   Set__
__or   Correct   Sentence,   and   allow   Petitioner   to   plea   anew,   or   exe__
__right   to   jury   trial.__

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _MAY-26_
_2009_ (month, date, year).

Executed (signed) on _MAY-26-2009_ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *