UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80845-Civ-RYSKAMP
    (06-80023-Cr-RYSKAMP)
MAGISTRATE JUDGE P. A. WHITE

JIMMY OLIVER,                    :

        Movant,                  :

v.                               :          REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

        Respondent.              :
_____

                    Introduction

     This matter is before this Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking his convictions and
sentences for four counts of sexual exploitation of children and
one count of knowingly possessing materials that contain child
pornography entered following a guilty plea in case no. 06-80023-
Cr-Ryskamp.

     The Court has reviewed the motion (Cv-DE#1) with supporting
affidavit (Cv-DE#2), and supplemental briefs (Cv-DE#s8,14), the
government's response with multiple exhibits (Cv-DE#12), the
movant's reply (Cv-DE#13), the Presentence Investigation Report
(PSI), and all pertinent portions of the underlying criminal file.

     Construing the movant's claims liberally as afforded *pro se*
litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the
movant appears to raise the following two claims:

               1.   He was denied effective assistance of
                    counsel, where his lawyer failed to:
                    (a) properly advise him regarding his
                    waiver of the right to a direct appeal,

and, (b) failed to explain to him that the court had discretion regarding the application of the sentencing guidelines. (Cv-DE#1:5).

2.    He was denied effective assistance of counsel, where his lawyer failed to object and/or otherwise move to withdraw the movant's guilty plea on the basis that the movant was unaware of the consequences arising therefrom, and because the court failed to ensure that the movant was aware that he was pleading to a term of life imprisonment. (Cv-DE#1:6).

3.    He was denied effective assistance of counsel, where his lawyer provided him with incorrect information, which resulted in the movant accepting the last of three different government plea offers, which contained cooperation language. (Cv-DE#1:8).

4.    He was denied effective assistance of sentencing and appellate counsel, where his lawyer failed to object to the enhancements in his guideline range, which resulted in an upward departure, in violation of <u>Booker</u>. (Cv-DE#1:9).

5.    He was denied effective assistance of counsel, where his lawyer failed to advise the movant that he was required to assist the government if he wanted to benefit of a reduction in his guideline range based on substantial assistance. (Cv-DE#1:9.2).

6.    He was denied effective assistance of counsel on appeal, where his lawyer failed to assign as error that the court erred in departing upward when imposing sentence based on the fact that the movant had failed to assist federal authorities in the investigation of another matter. (Cv-DE#1:9.3).

## Procedural History

The procedural history of the underlying criminal case reveals that the Grand Jury returned a nineteen-count, Second Superseding Indictment charging the movant with various offenses regarding the sexual exploitation of a minor and possession of child pornography. (Cr-DE#67). Prior to trial, the government filed a notice of its intent to introduce evidence pursuant to Fed.R.Evid. 413 and 414 regarding the movant's prior acts of child molestation of several family members. (Cr-DE#64). Counsel moved to exclude the evidence which was denied by the court on October 31, 2006. (Cr-DE#s72,84).

Shortly before trial was scheduled to commence, the movant entered into a negotiated plea agreement with the government, agreeing to plead guilty to four counts of sexual exploitation of children and one count of knowingly possessing materials that contain child pornography.[1] (Cr-DE#89).

Pursuant to the terms of the negotiated written plea agreement, the movant acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. (Cr-DE#89:2). The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence. (Id.:2). The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. (Id.). Rather, the court was

---

[1]It appears from the record that defense counsel did not agree with the movant's decision, and, in fact, refused to sign the plea agreement. (Cr-DE#s89,110). At the Rule 11 proceeding, counsel stated on the record that she had advised the movant that his plea would result in a life sentence, but the movant insisted on pleading guilty in order to spare his family from going through the testimony at trial, and because he wanted to put this matter behind him. (Cr-DE#110:3-4).

permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence. (Id.).

The movant also acknowledged and understood that he faced a statutory minimum term of 15 years and up to a maximum of 30 years in prison as to charges for sexual exploitation of children (Counts 6, 9, 12, and 15); and, he faced a statutory maximum of 10 years in prison as to the charge involving knowingly possessing materials that contain child pornography (Count 19). (Id.:3). The movant further agreed that he was aware that any estimate of the probable sentencing range he may receive, whether from defense counsel, the government, or the probation officer, is a prediction, and not a promise, and is not binding on the government, probation, or the Court. (Id.:5-6). The movant further acknowledged that upon release from imprisonment, he would be required to register as a sex offender in accordance with the law of his state of residence. (Id.:3).

The movant also agreed to waive his right to appeal the sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceed the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. (Id.:5).

In exchange, the government agreed to dismiss all remaining counts of the Second Superseding Indictment after sentencing. (Id.:2). The government further agreed to recommend that the court reduce the movant's base offense level by two based on the movant's recognition and affirmative/timely acceptance of responsibility.

4

(<u>Id</u>.:4).

Moreover, the movant acknowledged that the plea contained a cooperation provision, requiring him to provide truthful and complete information and testimony, as well as, producing documents, records, and other evidence when called upon by the government. (<u>Id</u>.:4). In turn, the government reserved the right to evaluate the nature and extent of the movant's cooperation and to make the movant's cooperation, or lack thereof, known to the court at the time of sentencing. (<u>Id</u>.:4). The government, however, retained sole discretion to determine whether the movant's cooperation warranted a downward departure from the applicable guideline range, pursuant to U.S.S.G. §5K1.1, 18 U.S.C. §3553(e), or Rule 35, based on the movant's substantial assistance. (<u>Id</u>.). Nothing in the agreement required the government to file such a motion. (<u>Id</u>.:4-5).

Prior to sentencing, a PSI was prepared which reveals as follows. The PSI determined that the five counts of conviction constituted separate harms, and thus could not be grouped. (PSI ¶29). Pursuant to U.S.S.G. §3D1.1(a)(3), the probation officer noted that the total combined offense level shall be determined by applying U.S.S.G. §3D1.4. (PSI ¶29). The probation officer then calculated the total offense level for each of the offenses of conviction. (PSI:pp.9-13). The offense for sexual exploitation of a minor, a violation of 18 U.S.C. §2251(a), as charged in Count 15, carried the highest total adjusted offense level of 46 after adding multiple enhancements based on relevant conduct. (PSI ¶¶58-67,85). An additional four levels were added based on the multiple count adjustment, resulting in an adjusted base offense level 50. (PSI ¶¶85-86). Three levels were then deducted based on the movant's timely acceptance of responsibility, resulting in a total adjusted

offense level 47. (PSI ¶¶89-91).

The probation officer next determined that the movant had a
total of zero criminal history points, resulting in a criminal
history category I. (PSI ¶94). A total adjusted base offense level
47 and a criminal history category I, resulted in a guideline range
of life in prison. (PSI ¶130). Statutorily, the movant faced as to
Counts 6, 9, 12, and 15, a minimum of 15 years and a maximum of 30
years in prison, as to each offense for violations of 18 U.S.C.
§§2251(a) and 2251(e). (PSI ¶129). As to Count 19, the term of
imprisonment is zero and up to 10 years in prison pursuant to 18
U.S.C. §2252A. (PSI ¶129). Thereafter, the movant filed objections
to the PSI (Cr-DE#91), challenging numerous enhancements based on
specific offense characteristics. (Id.).

On January 19, 2007, the movant appeared for sentencing. (Cv-
DE#12:Ex.3-Transcript of 1/19/07 Hearing). At that time, the movant
renewed some of his objections to the PSI, and the court, after
hearing argument from the defense and the government, and after
considering the statements of the movant and testimony provided
during the proceeding, the court then considered the advisory
guidelines and statutory factors, noting that, based on the nature
and the facts of the criminal conduct, a sentence within the
advisory guideline range was appropriate.[2] (Id.:49). It should be
noted that the government objected to the third point reduction
based on acceptance of responsibility, pointing out that the movant
had waited until the last business day before trial to enter his
guilty plea. (Id.:23). The court sustained the government's
objection, and thereafter adjusted the movant's base offense level
to a level 48, which still carried an advisory guideline range of

---

[2]At that time, movant withdrew some of his objections in order to avoid the
court reviewing the images of child pornography found on his computer, which
included images of the movant molesting his granddaughter. (Cv-DE#12:Ex.3:2-3).

life in prison. (Id.).

The court then sentenced the movant to a term of life in prison, or 1,560 months, consisting of four consecutive sentences of 360 months in prison as to Counts 6, 9, 12, and 15, as well as, a consecutive 120 months in prison as to Count 19, followed by lifetime supervised release, and $11,102.40 in restitution. (Id.:50).

Despite the appellate waiver, the movant filed a timely notice of appeal. (Cr-DE#100). In the interim, the parties sought a limited remand to the court in order to correct transcriptions errors contained in the original sentencing transcript. (Cr-DE#114). On September 27, 2007, an agreed transcript was filed with the court. (Cr-DE#s119,120). The appeal then went forward, with the movant raising two claims, as follows:[3]

> 1.  The court erred in failing to comply with the requirements of Rule 11 and to ensure that the movant was aware of the direct consequences of his guilty plea, which required that the movant be advised that his plea would result in a term of life in prison.
>
> 2.  The 130-year sentence was unreasonable.

(Cv-DE#12:Ex.3).

On June 16, 2008, the Eleventh Circuit Court of Appeals affirmed the movant's conviction, finding that his plea was knowing and voluntarily entered, but dismissed the appeal of the movant's sentence, finding that the movant had knowingly and voluntarily

---

[3]The claims are gleaned from the movant's initial brief on appeal which has been attached as Exhibit 5 to the government's response. (Cv-DE#12:Ex.5).

agreed to waive his right to appeal the sentence imposed, and since
the sentence imposed did not exceed the statutory maximum as to
each count, he was barred from challenging the validity of his
sentences on appeal. <u>United States v. Oliver</u>, 281 Fed.Appx. 898
(11th Cir. 2008). No certiorari review was filed.

For purposes of the federal, AEDPA one-year limitations
period, the movant's conviction became final at the latest on
September 16, 2008, ninety days after the judgment was affirmed on
direct appeal, when time expired for seeking certiorari review with
the Supreme Court.[4] Thus, the movant was required to file this
motion to vacate within one year from the time the judgment became
final, or no later than September 16, 2009. <u>See</u> <u>Griffith v.
Kentucky</u>, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was
timely filed on May 26, 2009.[5]

<u>Discussion of Claims</u>

As will be demonstrated in more detail *infra*, the movant is
not entitled to vacatur on any of the claims presented.[6] When

---

[4]For federal purposes, a conviction is final when a judgment of conviction
has been rendered, the availability of appeal exhausted, and the time for a
petition for certiorari elapsed or a petition for certiorari finally denied.
<u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord</u>, <u>Bond v. Moore</u>, 309
F.3d 770 (11 Cir. 2002); <u>Coates v. Byrd</u>, 211 F.3d 1225 (11 Cir. 2000).
Ordinarily, a petition for writ of certiorari must be filed within 90 days of the
date of the entry of judgment, rather than the issuance of a mandate.  Supreme
Court Rule 13.

[5]<u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is
deemed filed when executed and delivered to prison authorities for mailing).

[6]Briefly, the stipulated facts as contained in the Rule 11 transcript, as
well as, the movant's written statement in support of acceptance of
responsibility, clearly reveals that he knowingly possessed child pornography on
his computer, and that on four separate occasions he induced and/or coerced his
granddaughter, a minor, to engage in sexually explicit conduct for the purpose
of producing a visual depiction of such conduct, including photographs and a
video, which the movant knew would be transported in interstate commerce via his
computer. (PSI ¶28).

viewing the evidence in this case in its entirety, the alleged
errors raised in this collateral proceeding, neither individually
nor cumulatively, infused the proceedings with unfairness as to
deny the petitioner due process of law. The petitioner therefore is
not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d
699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding
that where there is no single constitutional error existing,
nothing can accumulate to the level of a constitutional violation),
overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482
(2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10
Cir. 1990)(stating that "a cumulative-error analysis aggregates
only actual errors to determine their cumulative effect.").
Contrary to the petitioner's apparent assertions, the result of the
proceedings were not fundamentally unfair or unreliable. See
Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for
multiple reasons. In order to prevail on a claim of ineffective
assistance of counsel, the movant must establish: (1) deficient
performance - that his counsel's representation fell below an
objective standard of reasonableness; and (2) prejudice - but for
the deficiency in representation, there is a reasonable probability
that the result of the proceeding would have been different.
Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United
States, 218 F.3d 1305 (11th Cir. 2000)(en banc). The standard is the
same for claims of ineffective assistance on appeal. Matire v.
Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline

---

The petitioner has not shown that the result of the proceeding would have
been affected had counsel proceeded differently. In other words, no deficient
performance or prejudice pursuant to Strickland has been established arising from
any of the claims raised in this collateral proceedings, nor has the movant
demonstrated any constitutional violations or denial of due process.
Consequently, he has failed to demonstrate that he is entitled to habeas corpus
relief in this collateral proceeding.

to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). The movant claims that had he been properly counseled that he faced the potential to receive a term of life in prison, he would not have pleaded guilty and would have instead proceeded to trial. (Cv-DE#1:5.1).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should

10

at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. <u>Kett v. United States</u>, 722 F.2d 687, 690 (11th Cir. 1984); <u>see also</u>, <u>Nelson v. United States</u>, 709 F.2d 39, 40 (11th Cir. 1983)(<u>citing</u>, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); <u>United States v. Becker</u>, 569 F.2d 951, 965 (5th Cir.), <u>cert. denied</u>, 439 U.S. 865 (1978), <u>United States v. White</u>, 524 F.2d 1249, 1254 (5th Cir. 1975), <u>cert. denied</u>, 426 U.S. 922 (1976).); <u>See also Williams v. Alabama</u>, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); <u>Castle v. United States</u>, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

In **claim one**, the movant asserts he was denied effective assistance of counsel, where his lawyer failed to properly advise him regarding his waiver of the right to a direct appeal, and, failed to explain to him that the court had discretion regarding the application of the sentencing guidelines. (Cv-DE#1:5).

11

According to the movant, neither counsel nor the court explained the meaning of the waiver of his direct appeal rights, as contained in the negotiated plea agreement. (Id.:5.1). He claims he was unaware that he could not appeal a sentence that was outside the guideline range.[7] (Id.). According to the movant, he insisted on pleading guilty because he was under the mistaken belief that by doing so he would avoid a life sentence. (Cv-DE#2:4). He suggests that his plea was thus not knowing and voluntary because it was based on misadvice by counsel, and a defective Rule 11 proceeding.

This claim is clearly refuted by the record which reflects that the written plea agreement, as well as, the court at the Rule 11 proceeding advised the movant that his sentence would be based on consideration of the advisory guideline range, as well as, other statutory factors. The movant acknowledged the maximum sentence exposure he faced as to each offense of conviction. Likewise, as noted by the court on appeal, the fact that the movant's total sentence exceeded the maximum for a single offense of conviction does not mean that the movant was sentenced above the statutory maximum. His plea agreement, which contained a waiver of the right to challenge his sentence on appeal, was enforced by the appellate court on the finding that it was knowing and voluntarily entered. See United States v. Oliver, 281 Fed.Appx. 898, 901-02 (11th Cir. 2008).

Likewise, at the Rule 11 proceeding, the movant was present when counsel advised the court that the movant was insisting on accepting a negotiated guilty plea, contrary to counsel's advice that the movant could face life in prison. The court acknowledged that it was not common to run sentences consecutive, but that the

_____

[7]His sentence was not outside the guideline range. Under the guidelines, the movant faced life in prison.

possibility existed of doing so in this case. Notwithstanding these admonitions both by counsel and the court, the record reveals that the movant still insisted on pleading guilty. No showing has been made here that his plea was anything other than knowing and voluntary after full advice by counsel and a proper Rule 11 proceeding. Consequently, the movant is entitled to no relief on this claim.

To the extent he means to argue that based on counsel's misadvice, his plea was not knowing and voluntary, that claim also fails on the merits. As will be recalled, the voluntariness of the plea was raised by the movant on direct appeal, where he argued that the court failed to ensure that the movant was aware of the consequences of his plea, one of which included the fact that he faced the potential of life in prison as to his offenses of conviction. The appellate court rejected the argument, noting that at the Rule 11 proceeding, counsel informed the court that the movant was pleading guilty against her advice as she had informed the movant that such a plea could result in a life sentence.[8] United States v. Oliver, 281 Fed.Appx. 898, 899 (11th Cir. 2008). In finding that the plea was knowing and voluntary, the appellate court concluded that the Rule 11 requirements were met. Id. at 900. The court further held that, even though the change of plea agreement did not mention consecutive sentences, at the Rule 11 proceeding, the court specifically advised, and the movant understood, that consecutive sentences were a possibility. Id. at 901. Such finding was not error.

Thus, the substantive issue underlying this ineffective

---

[8]The appellate court also recalled that at the Rule 11 proceeding the court also noted that while consecutive sentences were not usually done, it was still a possibility in this case. Id. at 899.

assistance of counsel claim, raised and rejected on direct appeal, is barred from review in this collateral proceeding. There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the movant demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

No change of circumstance has been demonstrated in this collateral proceeding sufficient to warrant relitigation of this claim. Thus, such a claim is barred from review here. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Campino v. United States, 968 F.2d 187, 189-90 (2nd Cir. 1992).

Regardless, the claim also fails on the merits as correctly concluded by the appellate court. See United States v. Humphrey, 164 F.2d 585 (11th Cir. 1999)(Neither Rule 11 nor the Supreme Court

requires that a defendant must be advised that his sentence must run consecutive when pleading guilty); United States v. Saldana, 505 F.2d 628 (5th Cir. 1974)(concluding no violation of Rule 11 when court failed to advise defendant that sentence would run consecutive to sentence he was already serving). Consequently, no deficient performance or prejudice has been established arising from counsel's failure to further pursue this issue either at sentencing or on appeal. See Strickland v. Washington, supra.

In **claim two**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to object and/or otherwise move to withdraw the movant's guilty plea on the basis that the movant was unaware of the consequences arising therefrom, and because the court failed to ensure that the movant was aware that he was pleading to a term of life imprisonment. (Cv-DE#1:6).

This claim is a mere reiteration of the arguments raised in relation to claim one above and should be denied for the reasons expressed therein. As will be recalled, the movant was advised against accepting the plea which could result in a term of up to life in prison if the court ordered that the sentences as to each offense run consecutively. Notwithstanding counsel's advice in this regard, the movant insisted on pleading guilty, even after the court cautioned the movant that a term of life in prison was still a possibility. Therefore, no showing has been made that even if counsel had sought to vacate the movant's plea, that the court would have granted the motion given the nature and extent of the Rule 11 proceedings, and the movant's understanding that he faced the potential of life in prison if he accepted the government's plea offer. Consequently, the movant cannot establish either deficient performance or prejudice under Strickland and is entitled to no relief on this claim.

In **claim three**, the movant asserts that he was denied effective assistance of counsel, where his lawyer provided him with incorrect information, which resulted in the movant accepting the last of three different government's offers, which contained cooperation language. (Cv-DE#1:8). Again, this claim is clearly refuted by the record which reveals that counsel strongly urged the movant not to accept the proposed written plea agreement. In fact, counsel refused to sign the plea agreement, and voiced her concerns on the record to the court. Therefore, the movant has failed to establish how he was misadvised by counsel during plea negotiations, nor has he demonstrated that the plea which he entered was anything other than knowing and voluntary, as found by the appellate court, and as evident from review of the Rule 11 proceedings. That in hindsight he has now come to regret his decision does not establish that his counsel acted deficiently in this regard. He is thus entitled to no relief on this claim.

In **claim four**, the movant asserts that he was denied effective assistance of sentencing and appellate counsel, where his lawyer failed to object to the enhancements in his guideline range, which resulted in an upward departure, in violation of Booker. (Cv-DE#1:9). This claim is also refuted by the record which reveals that the movant's sentence was not the result of an upward departure from the guidelines. To the contrary, it was based on the court's consideration of the advisory guideline range, as well as, the statutory factors.

Additionally, claims of Booker error cannot be raised for the first time in a motion to vacate. The Eleventh Circuit has held that Blakely v. Washington, 524 U.S. 296 (2004) and its progeny Booker do not apply retroactively on collateral review. See, Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005); In re

16

<u>Anderson</u>, ___ F.3d. ___, 2005 WL 123923, 2-4 (11 Cir Jan. 21, 2005)(holding that the rules in <u>Blakely</u> and <u>Booker</u> are not applicable retroactively on collateral review because the Supreme Court has not expressly declared it to be, but instead expressly extended the holding "to all cases on direct review"), <u>citing</u>, <u>Schriro v. Summerlin</u>, 542 U.S. 348, 358 (2004)(holding that <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is not retroactive to cases on collateral review)); <u>see</u> <u>also</u>, <u>McCoy v. United States</u>, 266 F.3d 1245, 1259 (11th Cir. 2001).

To the extent he means to fault counsel for failing to pursue this issue at sentencing[9] or on appeal, that claim is without merit as well. Pursuant to <u>Booker</u>, "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.) (emphasis in original), <u>cert. den'd</u>, 545 U.S. 1127 (2005). The Eleventh Circuit has held that there are two types of <u>Booker</u> errors: (1) constitutional error resulting from enhancements based on judicial fact-finding, and (2) non-constitutional statutory error resulting from mandatory application of the Guidelines. See <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, there was neither type of <u>Booker</u> error. Contrary to the movant's arguments, the district court *explicitly* stated that it was applying the guidelines in an advisory, and not

---

[9]In fact, at sentencing counsel did object to some of the enhancements, and withdrew others based on the movant's desire that the court not review the video or photographs of child pornography regarding his minor grandchild which formed the basis for the offenses of conviction.

mandatory, manner. Moreover, the district court calculated the
sentencing range consistent with United States v. Crawford, 407
F.3d 1174 (11th Cir. 2005), and then stated that it had considered
the statutory factors before imposing its sentence. Accordingly,
the district court satisfied its obligations under Booker, and
there was no Booker error, of either a constitutional or statutory
variety.

    Additionally, the law is clear that a sentence which falls at
or below the statutory maximum[10] is not subject to reversal due to
Apprendi[11] and its progeny, Booker, regardless of whether the
sentence was increased due to an uncharged fact. United States v.
Sanchez, 269 F.3d 1250, 1294 (11th Cir. 2001); United States v.
Shepard, 235 F.3d 1295, 1297 (11th Cir. 2000)(there is no error,
plain or otherwise, under Apprendi where the term of imprisonment
is within the statutory maximum set forth in § 841(b)(1)(C) for a
cocaine offense without regard to drug quantity). Moreover, the
Eleventh Circuit had held that Apprendi does not apply to
judge-made determinations pursuant to the Sentencing Guidelines.
See, e.g., United States v. Nealy, 232 F.3d 825, 829 n. 3 (11th
Cir. 2000)("The Sentencing Guidelines are not subject to the
Apprendi rule."); United States v. Harris, 244 F.3d 828, 829-30 (11
Cir. 2001)(holding that Apprendi does not apply to the relevant
conduct provision of the Sentencing Guidelines); see also United
States v. Diaz, 248 F.3d 1065, 1105 (11th Cir. 2001)(noting that
"Sentencing Guideline issues are not subject to the Apprendi rule
and, thus, there is no requirement that sentencing facts be
submitted to a jury and found beyond a reasonable doubt"). Under
these circumstances, no deficient performance or prejudice pursuant

_____

    [10]As will be recalled, the statutory maximum for violation of 18 U.S.C.
§1959 is life in prison. The minimum mandatory is ten years.

    [11]Apprendi v. New Jersey, 530 U.S. 466 (2000).

to Strickland has been established arising from counsel's failure to pursue this nonmeritorious claim.

In **claim five**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to advise the movant that he was required to assist the government if he wanted to benefit from a reduction in his guideline range based on substantial assistance. (Cv-DE#1:9.2). This claim is clearly refuted by the record which reveals that the movant acknowledged at the Rule 11 proceeding that he executed the written plea agreement which required him to provide complete and truthful information to the government. Consequently, the movant has failed to establish either deficient performance or prejudice in this regard.

Moreover, to the extent he faults counsel for failing to assist him with pursuing a Rule 35 reduction in his sentence, that claim also fails on the merits. Rule 35 of the Federal Rules of Criminal Procedure provides that a motion to reduce based on substantial assistance to the government may only be made by motion of the government. The government has a considerable amount of discretion regarding this decision, and the Eleventh Circuit has held that the government's determination of "substantial assistance" is encompassed within the zone of prosecutorial discretion and subject to review only upon a showing of a constitutionally impermissible motive or the breach of an express agreement to file a motion. United States v. Gonslaves, 121 F .3d 1416, 1419 (11 Cir.1997); United States v. Forney, 9 F.3d 1492, 1502 (11 Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)).

In Wade, supra, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a

substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive[12]." <u>Wade</u>, 504 U.S. at 185-86. The Court emphasized that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing. Nor would additional but generalized allegations of improper motive." <u>Id</u>.

Here, the movant has neither alleged nor shown that the government's failure to file the substantial assistance motion is based on a constitutionally impermissible motive, or that any alleged refusal by the prosecutor to move for a downward departure was not rationally related to any legitimate Government end. Moreover, the movant cannot establish deficient performance or prejudice arising from counsel's failure to assist him in obtaining a Rule 35 motion. Thus, the movant is entitled to no relief on this claim.

In **claim six**, the movant asserts that he was denied effective assistance of counsel on appeal, where his lawyer failed to assign as error on appeal that the court departed upward based on the fact that the movant had failed to assist federal authorities. (Cv-DE#1:9.3). First, the court did not depart upwards on the bases set forth by the movant in support of this claim. The court exercised its discretion and given the facts and circumstances surrounding this particular case, the court adopted the advisory guideline range which imposed a total term of life in prison. Likewise, as correctly noted by the appellate court in affirming the sentence appeal waiver, the court the sentence did not exceed the statutory maximum for each offense of conviction. The movant was aware from

---

[12]A prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion. <u>Id</u>.

the terms of his written plea agreement, as well as, the Rule 11 proceeding, that he could not withdraw his plea or challenge his sentence on the basis proffered here. Even if counsel had done so, no showing has been made that he would have prevailed. To the contrary, the appellate court affirmed the sentence imposed finding it was not unreasonable. United States v. Oliver, supra. Consequently, no deficient performance or prejudice has been established arising from counsel's failure to further pursue this issue on the bases argued by the movant here. See Strickland v. Washington, 466 U.S. 668 (1984); Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987).

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

21

Signed this 10th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jimmy I. Oliver, <u>Pro Se</u>
     Reg. No. 75468-004
     U.S.P. - Tucson
     P.O. Box 24550
     Tucson, AZ 85734

     A. Marie Villafaña, AUSA
     U.S. Attorney's Office
     500 E. Broward Blvd., 7th Floor
     Ft. Lauderdale, FL 33394